IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID JONES, JR.,                              :
                                               :
       Plaintiff,                              :
                                               :
       VS.                                     :     Civil Action File No.
                                               :     5 : 09-CV-391 (MTT)
JAMES TAYLOR, et al.,                          :
                                               :
       Defendants.                             :

## **RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C.§1983 action are two motions to amend the complaint (Docs. 50 and 54).

Plaintiff, inmate David Jones, brings this action alleging that while incarcerated at Washington State Prison in late 2007 and early 2008, he was denied dental care. (*See* Doc. 1). In particular, Plaintiff claims he was denied teeth cleanings (*Id.* at p. 4) and treatment for gingivitis (*Id.* at p. 5), and that his teeth were bleeding and pus was forming and oozing from his teeth. Additionally, Plaintiff claims that he was retaliated against for filing grievances at Washington State Prison by being transferred to Wheeler Correctional Facility on January 31, 2008. (*Id.* at p. 8). At all time relevant to this lawsuit, Defendant Taylor was the Hospital Staff Administrator at Washington State Prison; Defendant Roberts was the Warden; Defendant Adams was the Director of Health Services for the Georgia Department of Corrections; and Defendant Ali worked as a dentist at Washington State Prison.

Because Plaintiff raised additional allegations in his responsive briefs to the presently pending motion to dismiss filed by three of the four Defendants, and because Plaintiff sought to add two

additional Defendants to this action, the undersigned ordered Plaintiff to file one, final, complete motion to amend wherein he included every claim, past and present, he wished to have resolved in this lawsuit in order to avoid more piecemeal amendments. (Doc. 51). Plaintiff has now complied with that directive.

Plaintiff seeks to add as Defendants former Georgia Department of Corrections ("GDOC") Commissioner James Donald and current GDOC Commissioner Brian Owens in their individual and official capacities. (Doc. 54-2, ¶ 1-2, 78). Plaintiff also adds allegations asserting an instance of denial of dental care occurring on May 6, 2010 at Smith State Prison. (*Id.* at ¶ 55-66). Finally, Plaintiff asserts causes of action arising under State law and the Fourteenth Amendment. (*Id.* at ¶ 71-74).

Fed.R.Civ.P. 15(a)(2) states, "[t]he court should freely give leave [to amend a pleading] when justice so requires." However, a district court may consider such factors as undue delay, bad faith, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment when determining whether to permit such leave. *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir. 1990). A district court's decision regarding allowance of an amendment will not be disturbed absent an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Commissioners Donald and Owens*

Plaintiff seeks to add the prior Commissioner of the Georgia Department of Corrections James Donald and current Commissioner Brian Owens in their individual and official capacities. Plaintiff alleges that the Commissioners put in place or maintained a policy and practice to deny inmates access to prophylactic dental care, which caused Plaintiff to lose three teeth and suffer from continuous gum infections and pain. Specifically, Plaintiff states that the Commissioners are responsible for the lack of adequate dental staffing throughout the Georgia Department of Corrections (hereinafter referred to as GDOC), the vacancy of the statewide Dental Supervisor position for approximately two years, and the lack of dental auditing. In support of these allegations, Plaintiff asserts that Commissioner Donald directed staff cuts in the Office of Health Services, resulting in inadequate staffing throughout the GDOC. Plaintiff alleges that on June 4, 2009, Commissioner Donald announced the GDOC was under budget by about $10 million largely because of cuts made in the Office of Health Services. Plaintiff also alleges that a history of widespread abuse was shown by the results of an August 2007 report by the Georgia Department of Audits and Accounts, pointing out that staff cuts and budget constraints affecting the GDOC could contribute to constitutional violations. Another report from 2004 concluded that the quality of the inmate health care system is threatened by decreased staffing levels that are the result of budget constraints.

Plaintiff also alleges that Brian Owens, as the current Commissioner of GDOC, put into place and maintained a policy to deprive Plaintiff of necessary prosthetics to replace the teeth he has lost due to the lack of necessary preventive care. Plaintiff discusses a May 6, 2010 visit to Smith State Prison dental clinic in which he had one tooth removed. He states that the dentist who performed the procedure told him that it was against the policy of the GDOC to issue a partial denture to

replace any missing teeth, and that no other "aggressive treatment strategies" were allowed. Additionally, on June 3, 2010, two more teeth were removed. Plaintiff seeks to attribute the policy to Commissioner Brian Owens, and consequently seeks to add him to this lawsuit for the alleged denial of partial dentures or other aggressive treatment to save his teeth, which allegedly violates Plaintiff's constitutional rights. Plaintiff apparently does not seek to hold anyone else liable for this alleged constitutional violation. He also states that he has now exhausted that issue relative to Commissioner Owens.

*Policy of Prophylactic Dental Care*

In *Farrow v. West,* 320 F.3d 1235 (11th Cir.2003), the Eleventh Circuit considered the claim of a prisoner who alleged that prison dental staff violated his Eighth Amendment rights under the U.S. Constitution by delaying eighteen months in providing him with dentures.

Defendants argue that allowing Plaintiff to amend his complaint to add these two Defendants would be futile, as he has failed to exhaust administrative remedies as to them prior to the filing of this lawsuit[1], that he has been dilatory in that he did not seek to amend his complaint until Defendants had filed their motions to dismiss or for summary judgment, and that he fails to state a claim.

The undersigned notes that Defendants Taylor, Roberts, and Adams filed a pre-answer motion

---

[1]This argument is not fatal to the Plaintiff's claim. The Eleventh Circuit requires only that a prisoner "provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, *as the prisoner reasonably can provide." Brown v. Sikes,* 212 F.3d 1205, 1210 (11th Cir.2000) (emphasis added). Thus, a prisoner may not necessarily be required to provide the name of a high-level prison official if the prisoner "did not know and could not readily ascertain the identity of the individuals responsible for the alleged injury or deprivation" in order to exhaust his administrative remedies with respect to an otherwise well-described claim. *Id.* at 1208. This is an issue that is more properly reserved for consideration in a motion for summary judgment or to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure.

4

to dismiss, and discovery was subsequently stayed. Many of the arguments made by Defendants are more appropriately made in a 12(b)(6) motion under the Federal Rules of Civil Procedure.

However, some of the arguments made by Defendants are indeed appropriate for consideration herein. In the instant action, Plaintiff makes no assertion that he had any direct contact with Commissioners Donald or Owens or that they had knowledge of his specific dental issues. (*See* Doc. 54-2). Nor does Plaintiff allege that the Commissioners directed subordinates to deny care to inmates with serious dental needs or knew that such denials purportedly occurred. (*Id.*) Plaintiff's claims against Donald and Owens appear to be based solely on the fact that they occupy or occupied the position of Commissioner for the Georgia Department of Corrections and allegedly promulgated a policy of not providing preventative dental care. (*Id.* at ¶ 11-16, 51-54, 67-69).

Failing to provide purely preventative dental care in and of itself does not violate the Eighth Amendment if a serious medical need does not exist. *See Farrow*, 320 F.3d at 1243-44. Having a policy regarding preventative dental care does not demonstrate the Commissioners condoned deliberate indifference to serious medical needs once they arose.

Cognizable claims regarding inadequate dental care, like ones involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, *see Fields v. Gander,* 734 F.2d 1313, 1314-15 (8th Cir.1984) ( "severe pain" due to infected tooth), the deterioration of the teeth due to a lack of treatment, *see Boyd v. Knox,* 47 F.3d 966, 969 (8th Cir.1995) (three-week delay in dental treatment aggravated problem), or the inability to engage in normal activities, *Hunt v. Dental Dep't,* 865 F.2d 198, 200 (9th Cir.1989) (plaintiff complained that he was unable to eat properly); *cf. Dean v. Coughlin,* 623 F.Supp. 392, 404 (S.D.N.Y.1985) (holding that "dental needs-for fillings, crowns, and the like-are serious medical needs as the law defines that term"), *vacated on other grounds,* 804 F.2d 207 (2d Cir.1986).

Plaintiff has in his original complaint alleged a violation of his constitutional rights by alleging that various officials, including the dentist at Washington State Prison, were deliberately indifferent to a serious medical need. Plaintiff cannot seek to hold Defendants Donald and Owens vicariously liable for the alleged constitutional violations.

In suits brought pursuant to 42 U.S.C. § 1983, officials are not liable solely on the basis of *respondeat superior* or vicarious liability. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, the plaintiff must allege the named defendant actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985). There must be an affirmative link between the defendant's action and the alleged deprivation of a constitutional right. *Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987) (concluding that a 42 U.S.C. §1983 claim cannot be based upon vicarious liability). "In a §1983 suit … each government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiff must show either that "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so" or that "a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has failed to adequately allege that Commissioners Donald or Owens were either directly responsible for a constitutional violation, or that their custom or policy regarding preventative dental care resulted in deliberate indifference to a constitutional right. A per se failure to provide prophylactic dental care, without more, does not exhibit deliberate indifference to a

serious medical need. Thus, under Rule 15, allowing this claim to be added would be futile.

*Policy of Denial of Partial Dentures or Other Treatment*

The undersigned cannot find that Plaintiff's claim against Commissioner Owens for setting in place or maintaining a policy to prevent inmates from having partial dentures or more aggressive dental treatment is frivolous. The Eleventh Circuit has recognized that "the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow v. West*, 320 F3d 1235, 1243-44 (11th Cir. 2003).

Some courts have suggested that official extraction-only policies are constitutionally deficient, since they smack of cost-saving delay tactics to discourage detainees from receiving admittedly necessary treatment and also "trigger the rule that inmates who merely have a disagreement with their medical providers cannot claim deliberate indifference." *Sutherland v. St. Lawrence*, 2009 WL 2900270 (S.D. Ga., 2009); *Stack v. McCotter,* 79 F. App'x 383, 390 & n. 4 (10th Cir.2003) (holding that prison contractor's policy, which explicitly stated "[ *d* ] *o not* ask to go to the dentist unless you are willing to have your tooth pulled," was constitutionally deficient); *see Pipes v. North Dakota,* 2007 WL 4661655 at *8-9 (D.N.D. Dec.10, 2007) (unpublished) (suggesting that extraction-only policy may give rise to an Eighth Amendment violation in certain circumstances); *but see James v. Penn. Dep't of Corrs.,* 230 F. App'x 195, 197-98 (3rd Cir.2007) (per curiam) (finding that extraction pursuant to extraction-only policy was warranted in lieu of root canal for abscessed tooth); *Ball v. Johnson County Jail,* 2004 WL 2338105 at *2 (N.D.Tex. Oct.18, 2004).

However, it would be more appropriate for Plaintiff to file a separate lawsuit against Commissioner Brian Owens for the alleged constitutional violation resulting from the GDOC policy that inmates are not entitled to partial dentures or to more aggressive efforts to save inmate teeth.

7

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, persons may be joined as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrence, and any question of law or fact common to all defendants will arise in the action.

The claim of having or maintaining a policy excluding partial dentures or more aggressive treatment, in this case, does not arise out of the same transaction or occurrence, does not involve the same parties, or involve the same time frame. Although the claims overlap some, such as the possible need to consider Plaintiff's medical and dental history, the undersigned also finds that joinder in this case would cause prejudice via undue delay to the parties who currently have either a motion to dismiss or a motion for summary judgment pending in this action.

Requiring Plaintiff to file a separate lawsuit regarding this claim would enable the present case to proceed in a more efficient manner, and the new claim against Commissioner Owens to proceed more efficiently as well. The undersigned does not comment on the eventual success of such a claim.

*State Law Claims*

Plaintiff seeks redress for alleged violations of the Georgia Constitution and under O.C.G.A. §§ 51-1-6, 8 & 12 based on Defendants' allegedly tortious conduct. (Doc. 54-2, ¶ 71-74). Defendants assert that Plaintiff's claims against them under state law are barred by the Georgia Tort Claims Act. Under the Georgia Constitution, the State of Georgia's sovereign immunity can only be waived by an express act of the General Assembly. Ga. Const. Art. I, Sec. II, Par. IX(e). The Georgia Tort Claims Act ("GTCA") is an example of such an express act, and "constitutes the exclusive remedy for any tort committed by a State officer or employee." O.C.G.A. § 50-21-25 (a).

The GTCA specifically provides immunity to state employees who are sued for actions within

the scope of their employment. O.C.G.A §50-21-25(a) provides: " This article constitutes the exclusive remedy for any tort committed by a state officer or employee. A state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefore."

The Tort Claims Act further provides that "A person bringing an action against the state under the provisions of this article must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(b). *Crosby v. Perry* 2010 WL 2464887 *9 (M.D. Ga., 2010). "The GTCA's exemption of state officers and employees from liability for torts committed while acting within the scope of their official duties or employment has been construed broadly to include unauthorized tortious acts that occur during the time the officer or employee is engaged in performance of his official duties." *Tootle,* 280 Ga.App. at 430-31, 634 S.E.2d at 93 (internal quotation marks omitted); *see also Davis,* 275 Ga.App. at 771, 621 S.E.2d at 855 ("Where the state employee acts in the prosecution and within the scope of [his official duties], intentional wrongful conduct comes within and remains within the scope of employment." (alteration in original) (internal quotation marks omitted)).

These state claims must therefore fail, as Defendants have immunity from suit under state law, and the claims are thus futile under Rule 15.

*Fourteenth Amendment Claims*

Plaintiff alleges that Defendants' actions or inactions violated his rights under the Fourteenth Amendment. As noted by the Supreme Court, in such situations where "a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process,

must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). When a plaintiff is a prisoner, his claims alleging deliberate indifference are covered by the Eighth Amendment, not the Fourteenth, though the analysis is the same. *Harris v. Coweta County*, 21 F.3d 388, 393 n. 6 (11th Cir. 1994).

Because Plaintiff was incarcerated at the time of the alleged violations, the allegations surrounding deliberate indifference to serious medical needs are analyzed under the Eighth Amendment. *See e.g., Farrow*, 320 F.3d 1235. Similarly, the allegations regarding retaliatory transfer arise squarely within the analysis of the First Amendment. *See e.g., Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008); *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005).

Thus, a claim under the Fourteenth Amendment, when the proper analysis of the same claim is more appropriately considered under the Eighth Amendment, is futile under Rule 15.

It is therefore the RECOMMENDATION of the undersigned that Plaintiff's two motions to amend (Docs. 50 and 54) be **DENIED**.[2] Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Marc T. Treadwell, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy.

**SO RECOMMENDED**, this 10th day of December, 2010.

S//Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
msd   UNITED STATES MAGISTRATE JUDGE

---

[2] As stated above, however, Plaintiff may choose to file a separate lawsuit against Commissioner Brian Owens for the alleged constitutional violation resulting from the GDOC's policy regarding lack of access to partial dentures or more aggressive dental treatments to preserve inmate teeth.