# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| David JONES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-391 (MTT) |
| | ) |
| James TAYLOR, *et. al*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Recommendation to Deny (the "Recommendation") (Doc. 61) of United States Magistrate Judge Thomas Q. Langstaff. The Magistrate Judge, having reviewed the Plaintiff's Motions to Amend the Complaint (the "Motions") (Docs. 50 & 54), recommends denying the request to add former Georgia Department of Corrections ("GDOC") Commissioner James Donald because Donald was not deliberately indifferent to the Plaintiff's serious medical needs by making budget cuts to the Office of Health Services. The Magistrate Judge also recommends denying the request to add current GDOC Commissioner Brian Owens because the claim against the GDOC's policy of excluding partial dentures and "aggressive treatment strategies" does not arise out of the same transaction or occurrence as this matter. Further, the Magistrate Judge stated that "joinder … would cause prejudice via undue delay to the parties who currently have either a motion to dismiss or a motion for summary judgment pending…." While the Magistrate Judge did not think Owens should be added to this action, the Magistrate Judge did inform the

Plaintiff he could file a separate lawsuit against Owens for the alleged constitutional violation resulting from the GDOC's policy.

The Magistrate Judge further denied the Plaintiff's state law claims because the Defendants have immunity from suit pursuant to the Georgia Tort Claims Act. The Magistrate Judge also denied relief under the Fourteenth Amendment because, as an incarcerated party, the Plaintiff's claims for deliberate indifference arose under the Eighth Amendment. Similarly, the Magistrate Judge clarified that the Plaintiff's allegations of retaliatory transfer arose under the First, not Fourteenth, Amendment. The Plaintiff filed an objection to the Recommendation (Doc. 62). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's Objection and has made a de novo determination of the portions of the Recommendation to which Plaintiff objects.

The Plaintiff argues that Donald and Owens were deliberately indifferent to his medical needs by inadequately staffing the Office of Health Services despite reports from 2007 and 2004 finding that budget cuts *could* contribute to constitutional violations and threaten the quality of the inmate health care system. To prove deliberate indifference to a serious medical need, a plaintiff must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (alteration in original). At most, the reports demonstrate subjective knowledge of a risk of serious harm and adopting the budget cuts demonstrates disregard of that risk. The Plaintiff, however, cannot prove deliberate indifference because he has not alleged conduct that is more than gross negligence.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge. The Motions (Docs. 50 & 54) are **DENIED**.

**SO ORDERED**, this the 24th day of January, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT