# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

DAVID JONES, JR., :
:
    Plaintiff, :
:
VS. :
: **5 : 09-CV-391 (MTT)**
JAMES TAYLOR, *et al*., :
:
    Defendants. :

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion to Dismiss filed by Defendants Taylor, Roberts and Adams. (Doc. 18). The Plaintiff filed this action on November 9, 2009 raising allegations regarding the denial of dental care while incarcerated at Washington State Prison in 2007 and 2008. (Doc. 1). Additionally, the Plaintiff alleges that he was retaliated against by being transferred to Wheeler Correctional Institution on January 31, 2008. *Id.*

### *Plaintiff's Factual Allegations*

In his Complaint, the Plaintiff makes the following factual allegations regarding lack of dental care while confined at Washington State Prison in 2007 and 2008 and his alleged retaliatory transfer in January 2008 to another institution: Plaintiff submitted two (2) sick call requests to the Washington State Prison Medical Unit for dental treatment between September and November 2007. Plaintiff was seen at the Medical Unit's dental clinic following each sick call request, but was told only that his name would be placed on a waiting list to see a dental hygienist, once by Dr. Ali and once by a dental assistant. Plaintiff did not receive any dental

treatment or examination on either occasion.

Thereafter, on November 25, 2007, the Plaintiff submitted an "Inmate Request/Concern Form" to Defendant Taylor, Hospital Staff Administrator at Washington State Prison. In this request, which was stamped as being received by Defendant Taylor's office on November 27, 2007, the Plaintiff stated that the prison was failing to provide preventative dental care and that Plaintiff had been unsuccessfully seeking teeth cleaning for the past six to seven years. Plaintiff asked for treatment for gingivitis and teeth cleaning. The response received by the Plaintiff was signed by Dr. Ali, dentist at Washington State Prison, who stated that Plaintiff's name would be placed on the cleaning waiting list.

Plaintiff then filed informal and formal grievances against Dr. Ali and Defendant Taylor. Defendant Roberts, who was at that time the Warden at Washington State Prison, responded to Plaintiff's formal grievance on December 20, 2007, stating that Plaintiff's name was placed on a waiting list for teeth cleaning due to a "large influx of inmates waiting for their teeth to be cleaned", and that Plaintiff's grievance was denied. (Doc. 1, p. 7, ¶ 12). Plaintiff appealed the denial of the grievance to the Georgia Department of Corrections executive level of review on December 27, 2007. Defendant Adams, the Director of Health Services for the Georgia Department of Corrections, issued a response to the appeal which Plaintiff states he received on February 23, 2009, stating that his grievance appeal had been reviewed by the Office of Health Services Clinical Staff and that "[i]t is concluded that medical personnel handled this case appropriately and no further action is warranted. Your grievance appeal is denied." (Doc. 1, p. 8, ¶ 15). Plaintiff was transferred to Wheeler Correctional Facility, a privately-run prison, on January 31, 2008. Plaintiff further alleges that he filed another grievance regarding the denial of dental care while confined at Wheeler, which was denied. Plaintiff filed an appeal of this

grievance denial with the Georgia Department of Corrections on August 3, 2009, and he was transferred to another facility on September 17, 2009. (Doc. 1, pp. 4-10, ¶¶ 1-23).

## *Motion to Dismiss*

In their Motion to Dismiss, Defendants Taylor, Roberts and Adams assert that Plaintiff's claims against them are improperly based on a theory of vicarious liability and that Plaintiff has failed to state a claim for denial of medical care under the Eighth Amendment. The Defendants further assert that the Plaintiff has failed to adequately plead a retaliation claim against Defendant Adams.

A motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). In this regard, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (*internal citations omitted*).

However, while Rule 8 does not require detailed factual allegations, it does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at

3

1949.  The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).  Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.  Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950.

Overarching the pleading requirements set out in *Twombly* and *Iqbal* is the consideration of Plaintiff's Complaint in light of his *pro se* litigant status.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers". *Erickson*, 551 U.S. at 94 (*internal citations omitted*).  In *Erickson*, the U.S. Supreme Court found that the prisoner plaintiff had properly alleged that he suffered substantial harm and that his allegations regarding the harm he suffered when medical treatment was suspended were not too conclusory to survive Defendants' Motion to Dismiss. *Id.*  The Eleventh Circuit continues to follow this tenet that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore be liberally construed." *Watson v. Lockette*, 379 Fed.Appx. 822, 824 (11th Cir. 2010) (quoting *Tannebaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).  The Court

4

recognizes that the Plaintiff herein is proceeding *pro se*. However, in his Complaint and various responses Plaintiff provides a clear and detailed recitation of his claims and theories of recovery. The application of leniency and liberal construction to Plaintiff's pleadings does not result in any greater clarity or strength of his claims.

*Vicarious liability*

In suits brought pursuant to 42 U.S.C. § 1983, officials cannot be held liable solely on the basis of respondeat superior or vicarious liability. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, the Plaintiff must allege that the named Defendant actually participated in the alleged constitutional violation, or exercised control or direction over the alleged violation. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985), *abrogated on other grounds by Graham v. Connor*, 490 U.S. 386 (1989)). Thus, there must be an affirmative link between the Defendant's action and the alleged deprivation of a constitutional right. *Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987) (concluding that a 42 U.S.C. § 1983 claim cannot be based upon vicarious liability). "In a § 1983 suit ... each government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 129 S.Ct. at 1949.

In order to establish liability in the absence of a Defendant's personal participation, Plaintiff must show either that a history of widespread abuse put the responsible supervisor on notice of the need to correct the alleged deprivation, and he failed to do so, or that "a supervisor's custom or policy result[ed] in deliberate indifference to constitutional rights". *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (*internal citations omitted*). Alternatively, the Plaintiff may show custom or policy by means of facts that "support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.*

5

In light of the pleading standards announced in *Twombly* and *Iqbal*, the Plaintiff "must do more than recite these . . . elements in conclusory fashion. Rather, his allegations must proffer enough factual content to 'raise a right to relief above the speculative level.'" *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1381 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

In regard to Defendants Taylor, Roberts, and Adams, the Plaintiff does not set forth factual allegations of their personal participation in the actual alleged denial of dental care. Therefore, the Plaintiff must set forth sufficient facts to state a plausible claim that these Defendants knew about widespread denials of dental care by their subordinates yet failed to act thereon, had in place a custom or policy that resulted in denial of dental care, or that these Defendants directed their subordinates to act unlawfully in the provision of dental care or knew of unlawful action and failed to stop it.

Plaintiff alleges that Defendant Taylor was notified of the alleged denial of dental care by Plaintiff's November 25, 2007 "Inmate Request/Concern Form", that Defendant Roberts was notified as to the denial of dental care by Plaintiff's informal and formal grievances, and that Defendant Adams was notified as to the denial of dental care by Plaintiff's appeal of his grievance denials on December 27, 2007. Such notice, without more, is not enough to establish a causal connection between these supervisor Defendants and the actual alleged denial of dental care by prison medical staff. To impute a supervisor with knowledge, the knowledge "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." *Tittle v. Jefferson County Comm'n.*, 10 F.3d 1535, 1542 (11th Cir. 1994). "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor

liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." *Haverty v. Crosby*, 2006 WL 839157 (N.D.Fla.) (citing *Wayne v. Jarvis*, 197 F.3d 1098, 1106 (11th Cir. 1999)).

At the most, Plaintiff's Complaint reveals notice to Defendants Taylor, Roberts and Adams of one incident of Plaintiff requesting but not receiving immediate dental care. The various grievances and responses thereto reveal that these Defendants were informed that Plaintiff would be placed on a waiting list for dental cleanings, and that Plaintiff was not denied dental care outright or completely. Plaintiff makes no allegation that Defendants Taylor, Roberts or Adams had in place a custom or policy of denying dental care or that they directed subordinates to commit constitutional violations regarding the provision of dental care. Thus, Plaintiff's factual allegations fail to adequately allege that Defendants Taylor, Roberts or Adams are vicariously liable for the alleged denial of dental care.

***Retaliation claim against Defendant Adams***

In his Complaint, the Plaintiff also asserts that

> [o]n information and belief, plaintiff was transferred to a private prison by GDOC officials at the behest of defendant Adams to avoid the GDOC's responsibilities, . . . to provide adequate and timely prophylactic care and dental treatment for his gingivitis symptoms.

(Doc. 1, p. 8, ¶ 16).

It is well established that discipline imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989). Allegations that prison officials' actions were taken in retaliation for the filing of lawsuits or administrative grievances "bring[s] [such] actions that might not otherwise be offensive

to the Constitution . . . within the scope of the Constitution . . . This type of retaliation violates both the inmate's right of access to the courts and the inmate's First Amendment rights." *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986).

Taking Plaintiff's factual allegations as true, the Court has before it these facts: Plaintiff was transferred from Washington State Prison to Wheeler Correctional Institution, a private prison, on January 31, 2008, after having filed a grievance appeal on December 27, 2007. Defendant Adams denied this grievance appeal in a response Plaintiff states he received on February 23, 2009. Additionally, Plaintiff was transferred from Wheeler Correctional Institution on September 17, 2009, after filing an appeal of a grievance denial with the Georgia Department of Corrections on August 3, 2009.

These assertions do not raise Plaintiff's claim for retaliatory transfer against Defendant Adams above the speculative level. *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1949; *Williams v. Brown*, 347 Fed.Appx. 429 (11th Cir. 2009) (finding that mere allegation that defendants subjected the plaintiff to retaliatory transfer, without more, did not satisfy *Twombly* dismissal standard). Plaintiff does not provide any additional facts that would support an inference that Defendant Adams transferred the Plaintiff in retaliation for Plaintiff having filed grievances regarding dental care, or that Defendant Adams transferred the Plaintiff to avoid the cost of dental care for the Georgia Department of Corrections. Defendant Adams' involvement and knowledge, as set out by the Plaintiff, is limited to denying Plaintiff's December 2007 grievance appeal, and does not appear to extend to the 2009 grievance appeal. *Cf. Williams*, 347 Fed.Appx. at 435 (chronology of events, including several transfers following notice of plaintiff's grievances, alleged sufficient facts to provide circumstantial evidence of retaliatory transfers against one defendant).

*Qualified immunity*

The Defendants also assert that they are entitled to qualified immunity. The Court's consideration of whether Plaintiff has alleged facts sufficient to establish a constitutional violation in regard to his vicarious liability and retaliation claims necessarily resolves the issue of qualified immunity. Inasmuch as the Plaintiff has failed to adequately allege that Defendants Taylor, Roberts, or Adams have committed a constitutional violation, it is clear that these Defendants are entitled to qualified immunity. *Cottone*, 326 F.3d at 1362.

---

Inasmuch as the Plaintiff's statement of claims does not raise his vicarious liability and retaliation claims above a speculative level, Plaintiff has failed to "state a claim to relief that is plausible on its face" in regard to these issues. *Iqbal*, 129 S.Ct. at 1949. Additionally, the Plaintiff has failed to adequately allege that Defendants Taylor, Roberts or Adams committed constitutional violations in regard to Plaintiff's deliberate indifference and retaliation claims. Accordingly, it is the recommendation of the undersigned that Defendants Taylor, Roberts and Adams' Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Marc T. Treadwell, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 10th day of February, 2011.

                                                                   **s/ *THOMAS Q. LANGSTAFF***

                                                                   **UNITED STATES MAGISTRATE JUDGE**

asb