IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID JONES, JR., :
:
    Plaintiff, :
:
VS. :
: **5 : 09-CV-391 (MTT)**
JAMES TAYLOR, *et al*., :
:
    Defendants. :

## ORDER and RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are a Motion to Compel filed by the Plaintiff and a Motion for Summary Judgment filed by Defendant Ali. (Docs. 38, 67). The Court notified the Plaintiff of the filing of the Defendant's Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the Court's Order. (Doc. 40). The Plaintiff filed this action on November 9, 2009 raising allegations regarding the denial of dental care while incarcerated at Washington State Prison in 2007 and 2008. (Doc. 1).

**MOTION TO COMPEL**

Plaintiff filed a second Motion to Compel on February 9, 2011, seeking an order compelling Defendant Ali's responses to Plaintiff's discovery requests dated May 10 and 14, 2010. (Doc. 67). By Order dated December 10, 2010, the Court ordered Defendant Ali to serve responses to Plaintiff's outstanding discovery requests on or before January

14, 2011. (Doc. 60). Plaintiff maintains that he received Defendant Ali's responses on January 18, 2011, but asserts that Defendant Ali's responses are insufficient and that his objections are improper.

In his letter to defense counsel seeking additional responses from Defendant Ali, the Plaintiff sets out objections to several specific discovery responses. Plaintiff objects to Defendant Ali's responses to: Request for Admission No. 10; Interrogatories Nos. 22-25; Requests for Production Nos. 5, 6, 8, and 10. (Doc. 67, Exh. E). Defendant Ali asserts that he lacks the information necessary to admit or deny Plaintiff's Request to Admit No. 10, that the information sought in Plaintiff's Interrogatories Nos. 22-24 is not relevant to this suit, and that Defendant Ali is not in possession, custody or control of the documents which Plaintiff seeks in Requests for Production Nos. 5, 6, 8, and 10. Defendant Ali has provided an additional response to Interrogatory No. 25. (Doc. 71).

A review of the discovery requests and Defendant Ali's responses and objections thereto reveals that Defendant Ali has adequately responded or objected to Plaintiff's requests. Defendant Ali properly responded to Plaintiff's Request to Admit No. 10, stating that he does not possess the necessary information to admit or deny the request, which seeks clarification regarding a Georgia Department of Corrections ("GDOC") Standard Operating Procedure ("SOP"). This SOP is not in Defendant Ali's possession and was not previously provided by the Plaintiff. Additionally, Interrogatories 22-24 seek information that Plaintiff has not established as being relevant to this lawsuit, including personal information regarding Defendant Ali and his family and prior lawsuits. In

regard to the Requests for Production at issue in Plaintiff's Motion to Compel, Defendant Ali notes that he is no longer employed by the GDOC and lives in Texas. Defendant Ali states that he is not in possession or control of the GDOC records Plaintiff seeks. There being no basis for the ordering of further response to Plaintiff's discovery requests, Plaintiff's pending Motion to Compel is hereby **DENIED**.

**MOTION FOR SUMMARY JUDGMENT**

*Plaintiff's Factual Allegations*

In his Complaint, the Plaintiff makes the following factual allegations regarding Dr. Ali and Plaintiff's lack of dental care while confined at Washington State Prison in 2007: Plaintiff submitted two (2) sick call requests to the Washington State Prison Medical Unit for dental treatment between September and November 2007. Plaintiff was seen at the Medical Unit's dental clinic following each sick call request, but was told only that his name would be placed on a waiting list to see a dental hygienist. He was told of his placement on a waiting list once by Dr. Ali, a dentist at Washington State Prison, and once by a dental assistant. Plaintiff did not receive any dental treatment or examination on either occasion. Defendant Ali allegedly told the Plaintiff that "cleaning teeth is similar to a shoeshine and is not really necessary" and placed Plaintiff's name on a waiting list for cleaning since the prison did not have a dental hygienist. (Doc. 1, p. 4, ¶ 4).

Thereafter, on November 25, 2007, Plaintiff submitted an "Inmate Request/Concern Form" to Defendant Taylor, Hospital Staff Administrator at Washington

3

State Prison. In this request, which was stamped as being received by Defendant Taylor's office on November 27, 2007, Plaintiff stated that the prison was failing to provide preventative dental care and that Plaintiff had been unsuccessfully seeking teeth cleaning for the past six to seven years. Plaintiff asked for treatment for gingivitis and teeth cleaning, and described his symptoms as "bleeding gums, teeth separating from gums, inflamed gums, and tartar above and below gumline". (Doc. 1, p. 5, ¶ 7). The response received by the Plaintiff was signed by Dr. Ali, who stated that Plaintiff's name would be placed on the cleaning waiting list.

Plaintiff then filed informal and formal grievances against Dr. Ali and Defendant Taylor. Defendant Roberts, who was at that time the Warden at Washington State Prison, responded to Plaintiff's formal grievance on December 20, 2007, stating that Plaintiff's name was placed on a waiting list for teeth cleaning due to a "large influx of inmates waiting for their teeth to be cleaned", and that Plaintiff's grievance was denied. (Doc. 1, p. 7, ¶ 12). Plaintiff appealed the denial of the grievance to the Georgia Department of Corrections executive level of review on December 27, 2007. Defendant Adams, the Director of Health Services for the Georgia Department of Corrections, issued a response to the appeal which Plaintiff states he received on February 23, 2009, stating that his grievance appeal had been reviewed by the Office of Health Services Clinical Staff and that "[i]t is concluded that medical personnel handled this case appropriately and no further action is warranted. Your grievance appeal is denied." (Doc. 1, p. 8, ¶ 15). Plaintiff was transferred to Wheeler Correctional Facility, a privately-run prison, on

January 31, 2008. (Doc. 1, p. 8, ¶ 14).

*Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the Defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly

support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it". Fed.R.Civ.P. 56(e)(3).

## *Discussion*

In his Motion for Summary Judgment, Defendant Ali asserts that there is no evidence of his deliberate indifference to a serious medical condition suffered by the Plaintiff. In asserting that he is entitled to the entry of summary judgment, Defendant Ali relies on his affidavit, the Plaintiff's deposition testimony, the medical records of the Plaintiff, and portions of the Georgia Department of Corrections ("GDOC") Standard Operating Procedures ("SOP") governing dental treatment for inmates. (Docs. 38, 39).

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations omitted). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v.*

6

*Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Defendant Ali testifies in his affidavit that as a dentist practicing within the GDOC, he was required to follow the pertinent SOPs, and treated patients according to their category of priority: emergency cases first, urgent cases second, and routine cases last. (Doc. 38, Exh. A, ¶ 4). Defendant Ali further states that "[d]ue to limited dental resources in the GDOC system, dentists did not perform routine cleanings and instead focused on work that required a dental license; cleanings were performed by dental hygienists as they were available." *Id.*

According to his affidavit testimony, Defendant Ali has no independent recollection of the Plaintiff, but relates the following sequence of events as outlined in Plaintiff's dental records. On October 5, 2007, the Plaintiff's name was on the waiting list to have his teeth cleaned. Defendant Ali does "not recall if I examined Mr. Jones' mouth at the time I made this note." *Id.* at ¶ 7. Defendant Ali's practice would have been to check the cleaning waiting list and inform the inmate if his name was on said list, and that "there would not be a professional need to examine the patient's teeth in conjunction with such a visit." *Id.* On November 14, 2007, Defendant Ali noted that the Plaintiff was a "no show" for his dental appointment. *Id.* at ¶ 8. Defendant Ali responded to the Plaintiff's November 25, 2007 Inmate Request/Concern Form inasmuch as the Plaintiff addressed dental concerns therein, and noted that the Plaintiff's name was on the cleaning waiting list. Defendant Ali states that he "had no authority to move Mr. Jones up on this wait list and was not permitted to perform the cleanings myself as my time was occupied

with matters requiring my dental expertise." *Id.* at ¶ 10.

Defendant Ali further testifies that:

> At no time did I ever refuse to examine or treat Mr. Jones. To the contrary, as was admitted by Mr. Jones in his Complaint, we discussed his request to have his teeth cleaned, and I assured him on more than one occasion that his name was on the clean waiting list [sic] and he would be called when his name reached the top of the list.
>
> I did not tell Mr. Jones that having your teeth cleaned is similar to a shoeshine and is not really necessary. It was my practice to encourage good dental hygiene by the inmates and to recommend professional cleanings on a regular basis, as the prison staff was able to provide. Because the inmates were required to purchase their dental supplies and some did not have funds to do so, I would often hand out free cleaning supplies.
>
> Mr. Jones alleges that he suffered damage as a result of waiting for a cleaning while suffering from gingivitis. Gingivitis can be treated by the patient using good oral hygiene, including regular tooth brushing and flossing. While regular professional cleanings are ideal, they are not necessary to treat gingivitis. Mr. Jones never submitted a sick call request for treatment of gingivitis while at WSP. Instead, his sick calls related to obtaining an appointment to have his teeth cleaned. Unless the patient suffers from unusual, severe gingivitis, that condition is classified as routine under [the GDOC SOPs].

*Id.* at ¶¶ 14-16.

Thus, Defendant Ali has established that Plaintiff's name was placed on a waiting list for teeth cleaning after the Plaintiff presented his symptoms and, based thereon,

Defendant Ali classified Plaintiff's dental needs as "routine". Defendant Ali has established that he provided Plaintiff with appropriate dental treatment based on the symptoms described by the Plaintiff, and within the confines of GDOC resources for medical treatment. Defendant Ali has met his burden to establish the absence of a genuine issue of material fact regarding the care provided for the Plaintiff. The burden now shifts to the Plaintiff to rebut Defendant Ali's summary judgment showing. *Celotex*, 477 U.S. at 324.

In responding to Dr. Ali's Motion for Summary Judgment, the Plaintiff has submitted his affidavits, portions of his medical records, and portions of the SOPs governing dental care for inmates. Plaintiff's main contention in this suit is that Defendant Ali acted with deliberate indifference to his serious dental conditions in refusing to even examine the Plaintiff's mouth and teeth to determine if Plaintiff required additional or different treatment. In his affidavit testimony, Plaintiff asserts that he submitted sick call requests for dental treatment, detailing "gingivitis symptoms" in October and November 2007. (Doc. 42, Exh. A, ¶ 5). Although the actual sick call requests are not in the record before the Court, Plaintiff maintains that he stated in these requests that "my gums were inflamed, bleeding and infected; that some teeth were painfully sensitive and appeared to be separating from my gums with the presence of tartar below the gumline." *Id.* Plaintiff requested a teeth cleaning, alleging that it had been 13 years since his teeth had been cleaned. *Id.*

Plaintiff further testifies that upon seeing Defendant Ali on October 5, 2007, he

described his symptoms and was told by Dr. Ali that "cleaning teeth is similar to a shoeshine and is not really necessary." *Id.* at ¶ 6. According to the Plaintiff, Defendant Ali did not look into Plaintiff's mouth and did not order an x-ray. *Id.* Plaintiff does state that Defendant Ali placed Plaintiff's name on a waiting list for teeth cleaning. *Id.* Plaintiff was seen again in the dental department on November 15, 2007, at which time Plaintiff was seen by a dental assistant, Ms. Darisaw. *Id.* at ¶ 8. Defendant Ali, who was present, did not interact with the Plaintiff during this visit. Ms. Darisaw, after hearing Plaintiff describe his dental symptoms, told the Plaintiff that the only thing she could do was to place his name on a waiting list for cleaning. *Id.* Neither Ms. Darisaw nor Dr. Ali examined Plaintiff's mouth during this second visit. *Id.* Plaintiff filed an Inmate Request/Concern Form, again outlining his dental symptoms, on November 25, 2007, to which Dr. Ali responded that the Plaintiff's name was placed on a cleaning waiting list. *Id.* at ¶ 9.

Plaintiff maintains that he was transferred to Wheeler Correctional Facility on January 31, 2008, and that he was then examined and treated by a dentist on February 20, 2008. *Id.* at ¶ 11. Plaintiff was diagnosed as having "chronic periodontitis, acute at # 8, 9 and 30-31" and was prescribed antibiotics and a mouth rinse. *Id.* Ultimately, on May 6, 2010, a dentist at Smith State Prison extracted Plaintiff's tooth # 9, and advised Plaintiff that two more teeth needed to be extracted. *Id.* at ¶ 15.

In his responses to Defendant Ali's Motion for Summary Judgment, the Plaintiff also asserts that Defendant Ali was deliberately indifferent to Plaintiff's dental

condition(s) in that Defendant Ali failed to follow the GDOC SOPs regarding dental treatment and the documentation of inmate dental concerns. (Doc. 43, Exh. A; Doc. 68). Plaintiff has augmented his contentions and affidavit testimony with portions of his dental treatment records.

The Eleventh Circuit has acknowledged that "[i]n certain circumstances, the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow*, 320 F.3d at 1243-1244. The Court noted in *Farrow* that "a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In either of these situations, the medical need must be one that, if left unattended, pos[es] substantial risk of serious harm." *Id.* (internal citations omitted).

In *Farrow*, the Eleventh Circuit found that the plaintiff, a state prisoner, had established that he suffered from a serious medical need based on evidence that the plaintiff had only two lower teeth, making it painful for him to consume hard foods and limiting him to a soft food diet. He also suffered from difficulties in closing his mouth without having the two lower teeth slice into his upper gums and causing bleeding, severe soreness and swelling, and significant weight loss. The plaintiff had repeatedly requested dental care and dentures, for a period extending over more than fifteen (15) months. The Court based its decision that the evidence showed a serious medical condition on the plaintiff's medical need for dentures (as acknowledged by the treating dentist), the

plaintiff's pain and weight loss resulting from the condition of his mouth, and continual bleeding and swollen gums. "In *Estelle*, the Court recognized that medical needs constitutionally requiring medical attention ranged from 'the worst cases,' producing 'physical torture or a lingering death,' to 'less serious cases,' resulting from the 'denial of medical care,' which could cause 'pain and suffering.'" *Hill v. DeKalb RYDC*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds*, *Hope v. Pelzer*, 536 U.S. 730 (2002) (quoting *Estelle*, 429 U.S. at 103).

Viewing the facts and reasonable inferences therefrom in the light most favorable to the Plaintiff, the facts reveal that the Plaintiff requested dental treatment and was seen by Dr. Ali on October 5, 2007, and by a dental assistant, with Dr. Ali present, on November 15, 2007. Plaintiff described his dental symptoms as "my gums were inflamed, bleeding and infected; that some teeth were painfully sensitive and appeared to be separating from my gums with the presence of tartar below the gumline." (Doc. 42, Exh. A, ¶ 5). Dr. Ali did not examine the Plaintiff's mouth or teeth on either occasion in 2007, but placed Plaintiff's name on a waiting list for dental cleaning. In 2008, Plaintiff received a diagnosis of periodontitis and treatment for same at another prison, and in 2010 had one tooth extracted.

Contrary to the evidence in *Farrow*, the evidence in the record herein shows that Plaintiff suffered from a dental condition that, according to the Plaintiff's sworn testimony, caused only tooth sensitivity, bleeding gums, and eventual tooth loss. Plaintiff does not allege or establish any further physical effects resulting from his dental

condition. As Defendant Ali asserts, the plaintiff in *Farrow* suffered significant limitations in his food consumption and resulting weight loss, such that the plaintiff's health was significantly affected apart from the dental conditions and ailments themselves. *Farrow*, 320 F.3d at 1244. Although intense pain can establish a serious dental need, the Plaintiff's affidavit and deposition testimony do not reveal that Plaintiff conveyed any allegation of intense pain to Dr. Ali in describing his symptoms. (Doc. 42, Exh. A, ¶ 5; Doc. 39, p. 29, ll. 22-25; p. 30, ll. 1 - 25).

The facts as set out by the Plaintiff herein do not establish that he suffered from a serious medical need, nor do the facts establish that Dr. Ali acted with deliberate indifference to such a need. At the most, the Plaintiff presents a case in which the patient and the physician disagreed as to the proper course of treatment, once the physician had determined the proper categorization and treatment for Plaintiff's dental conditions. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). In order for a medical practice to constitute deliberate indifference, "[t]he refusal to provide proper treatment must not be simply a medical choice but a gross violation of accepted practice." *Howell v. Evans*, 922 F.2d 712, 721 n.9 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994).

"Prison officials must have been deliberately indifferent to a known danger before we

can say that their failure to intervene offended 'evolving standards of decency', thereby rising to the level of a constitutional tort. The known risk of injury must be 'a strong likelihood, rather than a mere possibility'". *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Estelle* , 429 U.S. 97, and *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). The Plaintiff does not dispute Defendant Ali's testimony and the evidence of record, including Plaintiff's dental records, establishing that the Plaintiff was placed on the waiting list for a dental cleaning. Given the Plaintiff's self-described dental condition, there is no evidence that Dr. Ali recognized the Plaintiff's condition as a serious condition that required different treatment. The fact that Dr. Ali viewed the Plaintiff's condition as one that required only placement on the cleaning list is evidenced by the classification of Plaintiff's condition as "routine" under the SOPs, rather than an "urgent" or "emergency" condition that required different or more immediate treatment. The facts before the Court do not reveal that Dr. Ali acted with deliberate indifference to a known serious medical condition, as Dr. Ali in fact responded to the Plaintiff's complaints and placed his name on a waiting list for cleaning. "It is not enough merely to find that a reasonable person would have known, or that the defendant should have known [of a substantial risk of serious harm to the plaintiff]." *Farmer v. Brennan*, 511 U.S. 825, 843 n.8 (1994).

Furthermore, Plaintiff has failed to establish that any delay in treatment resulted in a worsening of his condition. To the extent that the Plaintiff alleges that delay in treating his dental conditions amounted to deliberate indifference, he has failed to place into the record evidence as to how this delay exacerbated his dental conditions. "[D]elay in

14

medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay." *Hill,* 40 F.3d at 1189. "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Id.* at 1188. There is no evidence that Plaintiff's tooth extraction in 2010, almost three years after the alleged denial of treatment by Dr. Ali, was caused by any delay in Dr. Ali's treatment.

In regard to the Plaintiff's contention that Dr. Ali failed to follow SOP requirements for dental treatment, including instituting and recording a dental treatment plan for the Plaintiff, there is no indication that any such failure rose to the level of deliberate indifference to a serious medical condition. Section 1983 does not provide for recovery for violations of departmental policy or regulations, apart from the showing of a constitutional violation. *Knight v. Jacobsen*, 300 F.3d 1272, 1276 (11th Cir. 2002) (*citing Paul v. Davis*, 424 U.S. 693, 698-99 (1976)); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1303 (11th Cir. 1998).

## Conclusion

Based on the Plaintiff's failure to overcome Defendant Ali's summary judgment showing that Defendant Ali did not act with deliberate indifference to a known serious dental need, and based on Plaintiff's failure to establish the exacerbating effect of any delay in treatment, it is the recommendation of the undersigned that Defendant Ali's

Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Marc T. Treadwell, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

      **SO ORDERED and RECOMMENDED**, this 9th day of March, 2011.

      *s/ THOMAS Q. LANGSTAFF*

      **UNITED STATES MAGISTRATE JUDGE**

asb